# Exhibit "3"

Draft dated March 15, 2010

from Neal H. Levin, Esq.,
Freeborn & Peters LLP
to
Jacob Gitman
and
Michael Giventer

"PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL PRODUCTION BY AGRO-ENERGY HOLDING, LLC"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 02-20245-CIV-HUCK
Hon. Paul C. Huck

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et al.,

    Plaintiffs,

vs.

SLAVIK STEIN, et al.,

    Defendants.
_____/

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**MOTION TO COMPEL PRODUCTION BY AGRO-ENERGY HOLDING, LLC**

This case involves the collection of $8.6 million plus millions of dollars in interest, attorneys fees and costs based upon a judgment (the "*Judgment*") from the District Court for the Southern District of Texas stemming from Michael Giventer's ("Giventer") role in a far-reaching insurance fraud scheme. For years, Giventer has avoided paying the Judgment by hiding assets and using other people and companies to generate income. As detailed in State Farm's Memorandum of Law in Support of Their Motion for Temporary Restraining Order And Appointment of Receiver, it appears that Giventer's latest vehicle for generating income and hiding assets are three Florida entities, Agro-Energy Holding, LLC, Agro-Energy Holdings International, Inc., and Agro-Energy USA Inc. (collectively, "Agro").

**FACTS**

On December 23, 2009, State Farm issued a subpoena to Agro Energy Holding, LLC ("Agro Holding"). (*See* Subpoena, attached as Exhibit 1.) The subpoena commanded Agro Holding to appear for a deposition on December 29, 2009. (*Id.*) The subpoena also commanded

1

Agro Holding to produce certain documents listed on an attached Rider. (*Id.*) The Rider detailed nine requests. (*Id.*)

On December 29, 2009, Yakov Gitman ("Gitman") appeared on behalf of Agro Holding for its deposition. (*See* 12/29/09 Deposition of Yakov Gitman, attached as Exhibit 2.) Gitman is the manager of Agro Holding. (*See* Corporate Detials, attached as Exhibit 3.) At the deposition, Gitman verified that he had seen the subpoena to Agro Holding prior to the deposition and that he had received it from his attorney in the mail. (*Id.* at 7-8.) He also verified that he had seen the document requests within the subpoena. (*Id.* at 8.)

Gitman produced some documents in response to the subpoena at the deposition. (*See id.* at 8-10, 64-68.) However, Gitman failed to produce a number of documents, including documents relating to Agro Holdings' bank account requested (at least) in document request numbers 3 and 8. (*Id.* at 70-71; Exh. 1 at p. 4.) Gitman acknowledged that such documents exist, but told State Farm's attorney that he would not produce the documents unless there was a court order requiring him to do so. (Exh. 2 at 71.) Gitman also acknowledged the existence of tax records, emails between himself and Michael Giventer, and potentially additional corporate books and records, all of which would be responsive to the subpoena's document requests. (*Id* at 73-76, 79; Exh. 1 at pp. 4-5.) State Farm's counsel requested documents from Gitman at the deposition and advised Gitman that, if he wanted to avoid the possibility of paying for this motion to compel, he could simply produce the documents. (*Id.* at 94-95.) However, Gitman did not produce the documents.

On January 7, 2010, State Farm's counsel (Neal Levin) followed up with Gitman regarding the documents that had yet to be produced. (*See* 1/7/10 Email Chain Between Neal Levin and Gitman, attached as Exhibit 4.) He outlined for Gitman the documents still

outstanding and which he and Gitman had previously discussed and which Gitman had verified were in his possession and control:

1. Monthly or annual invoice from Network Solutions, [Gitman's] e-mail hosting service;
2. All e-mails to or from [Michael] Giventer, [aka Michael] Blanc[,] or Oleg Shvabsky for the past 2 years (or any shorter period in the event you have deleted any e-mails);
3. Bank statements for any bank account relative to the Agro business, including the two identified at Bank of America;
4. Tax returns, including K-1s, for the Agro entities;
5. Any documents produced by Greenberg Traurig and/or Hunton & Williams [law firms that had purportedly performed work for the Agro and/or Gitman];
6. Any e-mails or other documents received from, delivered to or otherwise created by Robert Miller [another individual involved with Agro] or any of his colleagues;
7. Any business plans or private placement memorandum relative to the Agro entities;
8. All evidence of expenditures to or on behalf of Michael Giventer also known as Michael Blanc;
9. All evidence of any expenditures in the Ukraine relative to the Agro entities[;]
10. Copies of all patent applications; [and]
11. Any documents, including correspondence, to or from Superstein & Superstein and/or Esther Superstein [purported preparers of Argro tax forms], relative to the Agro entities

(*Id*.)  State Farm's attorney advised Gitman that the items must be produced by Tuesday, January 12, 2010.  (*Id*.)  In response, Gitman again stated that he would "like to have a court order to provide them."[1]  (*Id*.)

## ARGUMENT

Agro Holding and Gitman failed to produce responsive subpoenaed documents.  Gitman, Argo Holding's manager, acknowledged that such documents exist and are in his possession or control.  Instead of turning them over, Gitman told State Farm's counsel that he would "like to have a court order to provide them."  This motion seeks the court order Gitman has improperly required before complying with his obligations.  Therefore, Argo Holding and Gitman should be

3

compelled to produce all requested documents and should be held in contempt. *See* FED. R. CIV. P. 45(e).

"A Rule 45 subpoena is a discovery vehicle used against non-parties to, among other things, obtain documents relevant to a pending lawsuit." *Madeline L.L.C. v. Street*, Case No. 09-80705-MC, 2009 WL 1563526 at *1 (S.D.Fla. June 3, 2009), *citing* FED. R. CIV. P. 34(c).[2] "Rule 45 must be read in conjunction with Federal Rule of Civil Procedure 26, because the latter rule clearly defines the scope of discovery for all discovery devices." *Id*. (citations and quotations omitted). "Thus, a party may use a Rule 45 subpoena to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *Id*, *citing* FED. R. CIV. P. 26(b)(1); *see also Stringer v. Ryan*, Case No. 08-21877-CIV, 2009 WL 3644360 at *1 (S.D.Fla. Oct. 30, 2009). "Of course, relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Furthermore, "[a] person subject to subpoena has 14 days from service to raise any objections." *Id.*, *citing* FED. R. CIV. P. 45(c)(2)(B). "Failure to timely raise objections results in waiver." *Id*.

The case of *Madeline* is directly on point. In *Madeline*, the plaintiff served a subpoena on a non-party for the production of certain documents. *Madeline*, 2009 WL 1563526 at *1. The non-party failed to produce the subpoenaed documents within the time allowed by Federal Rule of Civil Procedure 45. *Id*. Additionally, the documents that the non-party did produce were deficient because some were not produced in their entirety and others were not produced at all. *Id*. at *1-2. The Court found that "[t]his is certainly not in keeping with the open and obvious discovery that Plaintiff and its Counsel would expect under the Federal Rules of Civil Procedure." *Id*. at *2. This Court held that "[b]ecause [the non party's] responses fail to live up

---

[1] Thus, pursuant to Rule 37(a)(1), State Farm certifies that it has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

4

to the open and obvious discovery demanded by the Federal Rules, the Court will grant the" plaintiff's motion to compel.  *Id*. at *1; *see also Stringer*, 2009 WL 3644360 (ordering non-party to produce documents where it neither filed any objection nor moved to quash the subpoena).

Here, State Farm issued a proper Rule 45 subpoena on non-party Agro Holding for the production of certain documents.  Neither Argo Holding nor Gitman filed any objection nor moved to quash the subpoena.  *See Stringer*, 2009 WL 3644360 at *2.   Instead, Gitman attended the commanded deposition on December 29, 2009.  However, Agro Holding and Gitman failed to produced the subpoenaed documents within the time allowed and instead refused to produce certain documents. *See Madeline*, 2009 WL 1563526 at *1.  Additionally, the documents that Gitman produced on behalf of Agro Holdings were deficient. *Id*. at *1-2.  This is "certainly not in keeping with the open and obvious discovery" that State Farm and its counsel would expect under the Federal Rules of Civil Procedure.  *Id.* at *2.  The specific documents requested by State Farm's counsel at the deposition and in his January 7, 2010 email (which all fall within at least one of the document requests) are relevant to State Farm's claims because they relate to an entity or entities that Giventer appears to be using to hide and/or shield assets from State Farm.

Because Agro Holdings' responses fail to live up to the requirements, this Court should grant State Farm's motion to compel. *See id*.  Furthermore, in accordance with Federal Rule of Civil Procedure 45(e), this Court should hold Agro Holdings and Gitman in contempt for failing to obey the subpoena without an adequate excuse despite being served.  Finally, in accordance with Federal Rule of Civil Procedure 37(a)(5)(A), this Court should require Agro Holdings to pay State Farm's reasonable expenses incurred in making the motion, including attorney's fees.

WHEREFORE State Farm respectfully requests that the Court enter an Order:

---

[2] Court opinions cited herein are attached as Exhibit 5.

(A) Granting State Farm's Motion to Compel Production By Agro-Energy Holding, LLC;

(B) Compelling Agro-Energy Holding, LLC and Yakov Gitman to produce the documents detailed in State Farm's counsel's January 7, 2010 email correspondence;

(C) Assessing against Agro-Energy Holding, LLC the costs and fees association with this Motion;

(D) Finding Agro-Energy Holding, LLC and Yakov Gitman in contempt; and

(E) Granting all such further relief as the Court deems appropriate.

Dated: March 15, 2010                                   Respectfully submitted,

     /s/   Neal Levin
Neal H. Levin
Illinois Bar No. 6203156
*Attorney in Charge*
Daniel S. Dooley
Illinois Bar No. 6274831
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 360-6000
Facsimile: (312) 360-6573

*Attorneys for State Farm Mutual Automobile Insurance Company and State Farm Mutual Insurance Company of Texas*